# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN ANTHONY HAAG,

    *Petitioner*,

vs.

BAKER, *et al.*,

    *Respondents*.

3:17-cv-00028-HDM-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis*, his motion (ECF No. 3) for a status check, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner has not properly commenced the action by submitting a pauper application on the required form with all required attachments.

Petitioner did not use the correct pauper application form. Under Local Rule LSR 1-1, a litigant seeking to proceed *in forma pauperis* must apply on the Court's required pauper form. Petitioner instead used a purported form for appealing a federal district court order to a federal court of appeals. This action is not such an appeal.

Moreover, petitioner did not submit the financial attachments that are required to be submitted with the form. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner attached neither, and the financial materials that he did submit are not the correct materials.

1 It does not appear that a dismissal of the current improperly-commenced action without prejudice would materially impact the analysis of either a substantial successive petition issue and/or the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1]

This improperly-commenced action therefore will be dismissed without prejudice.[2]

---

[1] The records in petitioner's prior actions in this Court and/or the online docket records of the state courts and of the Ninth Circuit Court of Appeals reflect the following.

Petitioner challenged his custody under the same judgment of conviction in No. CR03-1520 in the state district court previously in this Court in No. 3:07-cv-00132-RCJ-RAM. This Court denied that petition on the merits by an order and final judgment entered on March 8, 2010; and the Court of Appeals denied a certificate of appealability in No. 10-15586. Thereafter, the Court dismissed petitioner's second federal petition in No. 3:12-cv-00594-MMD-WGC as successive. The Court of Appeals thereafter denied petitioner's application for authorization to file a second or successive petition in No. 13-71882 in that court. Petitioner acknowledges in the current petition that he has not sought and obtained authorization from the Court of Appeals to file the present petition. Review of online dockets confirms that: (a) there has been no intervening amended or corrected judgment of conviction in the state district court; and (b) the Ninth Circuit has not granted petitioner authorization to file a second or successive petition. Litigation of the substantial successive petition issue thereby presented will not be materially impacted by a dismissal of the current improperly-commenced action without prejudice. To the extent that petitioner relies upon alleged actual innocence to overcome procedural bars, he must present such an argument to the Court of Appeals in the first instance in order to seek to pursue a successive federal petition. See 28 U.S.C. § 2244(b)(2)(B) & (3)(C).

With regard to timeliness, petitioner did not appeal the November 20, 2003, judgment of conviction in No. CR03-1520, and the time to do so expired on Monday, December 22, 2003. On November 19, 2004, after 332 days had elapsed, petitioner filed a timely state post-conviction petition. Proceedings on that petition were pending through the issuance of the remittitur in No. 47924 in the state supreme court on March 27, 2007. Absent tolling or delayed accrual, the one-year federal limitation period expired after another 33 days elapsed, on Monday, April 30, 2007. Petitioner's state court filings thereafter could not statutorily toll a federal limitation period that already had expired. Petitioner's three subsequent state petitions that reached the state appellate courts in any event all were denied as untimely and successive, in Nos. 57296, 60277 and 69768 in the state appellate courts. Thus, on the face of the state and federal records, the one-year federal limitation period putatively expired nearly a decade before this third federal petition was filed. In this regard, petitioner did not allege recent discovery of the alleged exculpatory evidence upon which he bases his claim of actual innocence, as he alleges that he still does not have the DNA lab evidence. In this regard, the Nevada Court of Appeals noted in its December 28, 2016, order of affirmance in No. 69768 that petitioner had raised the same claim of actual innocence in prior state court proceedings in 2012. *See Haag v. Nevada*, No. 69768, 2016 WL 7635433, slip op. at *2 (Nev. Ct. App., Dec. 28, 2016). Moreover, delayed accrual based upon any alleged late discovery aside, an actual showing of actual factual innocence would override the limitation period without regard to filing date. Accordingly, litigation in a promptly-filed new action of the timeliness issue presented by the foregoing writ history would not be materially impacted by a dismissal without prejudice of the present action; and that timeliness issue in all events could be reached only if petitioner overcame the substantial successive petition issue that would be presented in the first instance.

[2] The dismissal on the grounds stated does not imply that the papers presented are free of other deficiencies. *Inter alia*, petitioner did not sign the petition. He signed the verification but not the petition itself, and he must sign both.

1 The motion for status check will be denied for failure to follow Local Rule LR IA 7-1,
2 which permits a party to inquire by letter, not motion, ninety days after a matter has been, or
3 should have been submitted.

4 IT THEREFORE IS ORDERED that the application (ECF No. 1) to proceed *in forma
5 pauperis* is DENIED and that this action shall be DISMISSED without prejudice.

6 IT FURTHER IS ORDERED that petitioner's motion (ECF No. 3) for a status check is
7 DENIED for failure to follow Local Rule LR IA 7-1.

8 IT FURTHER IS ORDERED that a certificate of appealability is dened. Jurists of
9 reason would not find debatable whether the Court was correct in its dismissal of the action
10 without prejudice on procedural grounds, for the reasons discussed herein.

11 IT FURTHER IS ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254
12 Cases, that the Clerk shall make informal electronic service upon respondents by adding
13 Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice
14 of electronic filing of this order to his office. No response is required from respondents other
15 than to respond to any orders of a reviewing court.

16 The Clerk of Court shall send petitioner a copy of his papers in this action, along with
17 copies of the forms and instructions for an inmate pauper application and habeas petition.

18 The Clerk of Court shall enter final judgment accordingly, dismissing this action without
19 prejudice.

20 DATED: October 19, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge